DANIEL M. PARK (SBN 201889)
PARK LAW, APC
3250 Wilshire Boulevard, Suite 601
Los Angeles, California 90010
Telephone: (213) 380-3380
Facsimile:  (213) 380-3381

Attorneys for Plaintiff
BONG KEUM KIM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONG KEUM KIM, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>IICOMBINED U.S.A. INC., a New York corporation doing business as GENTLE MONSTER; and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br>1. **BREACH OF EMPLOYMENT CONTRACT;**<br>2. **VIOLATION OF LABOR CODE § 970, ET SEQ.;**<br>3. **FRAUD;**<br>4. **FAILURE TO PROVIDE ACCURATE, ITEMIZED PAY STUBS IN VIOLATION OF LABOR CODE § 226;**<br>5. **DISCRIMINATION IN VIOLATION OF FEHA;**<br>6. **HARASSMENT IN VIOLATION OF FEHA;**<br>7. **FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION; AND,**<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff BONG KEUM KIM, whom alleges against defendants as follows:

///

## NATURE OF THE ACTION

1. This is an action under the State of California's Labor Code §§ 970, et seq., regarding the "kind and character" of work and rate of "compensation" that Defendant IICombined U.S.A Inc., which does business as Gentle Monster ("Defendant" or "Gentle Monster") represented to Plaintiff Bong Keum Kim ("Plaintiff" or "Kim") to engage her to move from South Korea to the State of California. This is also and action under California's Fair Employment and Housing Action, California *Government Code* §§ 12940, *et seq.*, for unlawful discrimination and harassment.

2. This court is the proper venue for this action because Gentle Monster hired Plaintiff, a native of Korea, to work in California and because Plaintiff suffered from an adverse employment decision after she had relocated to Orange, California.

## THE PARTIES

3. At all times relevant, Plaintiff was a resident of South Korea.

4. At all times relevant, Plaintiff is informed and believes and thereon allege, that Defendant IICOMBINED U.S.A. INC., is a corporation formed and existing by virtues of the laws of the State of New York and is authorized to engage in business in the County of Orange, State of California and is doing business as GENTLE MONSTER.

5. Plaintiff is informed and believes and thereupon alleges that the defendants sued herein as DOES 1 through 5, inclusive, and each of them, were, at all times herein mentioned, business entities whose form is unknown, engaged as a matter of commercial actuality, in purposeful economic activity within the County of Orange, State of California and/or the successors in interest to the corporate defendants.

6. Plaintiff is informed and believes and thereupon alleges that the defendants sued herein as DOES 6 through 10, inclusive, and each of them, at all times herein mentioned were agents, employees, servants, subsidiaries, partners,

members, associates, or representatives of each of the other defendants, and each of them, and/or DOES 6 through 10, inclusive, engaged as a matter of commercial actuality, in purposeful economic activity within the County of Orange, and are responsible in some manner for the events, happenings, and contentions referred to herein.

7. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff and therefore Plaintiff sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants, including the fictitiously named defendants, was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such agency.

9. Plaintiff is further informed and believes that at all times relevant hereto, each of the Defendants and the fictitiously named defendants acted in concert and in furtherance of each other's interest.

## GENERAL ALLEGATIONS

10. In or around the beginning of 2022, Gentle Monster offered Plaintiff its Director of Administration position in Southern California. At the time, Plaintiff was employed in South Korea. Plaintiff respectfully informed Gentle Monster that she was not interested.

11. Gentle Monster continued to solicit Plaintiff to take the Director of Administration position in the United States. In October of 2022, Gentle Monster

sent Plaintiff an offer letter for the Director of Administration position which outlined the terms of her employment. Pursuant to the offer letter, Gentle Monster offered to pay Plaintiff $150,000 per year, including work benefits, for a five year term. The offer letter stated that Plaintiff's duties would include, but not be limited to, negotiating contracts and agreements, delegating tasks and monitoring operations, acting as a liaison for employees and upper management regarding financial and administrative issues, and other duties related to upper management. The letter advised Plaintiff that Plaintiff's term would begin in April of 2023, or when her work visa was approved.

12. On October 29, 2022, Plaintiff accepted Gentle Monster's offer.

13. On May 31, 2023, Plaintiff signed a written employment agreement between Gentle Monster and Plaintiff which outlined the terms in the offer letter. Plaintiff relied upon the terms of the written agreement which stated that she would have a position with Gentle Monster as its Administrative Director earning $150,000 per year for a term of 5 years.

14. Plaintiff and her husband left their positions in Korea to begin the relocation process to move their family from South Korea to California, which included their young daughter.

15. A few weeks prior to her move, Plaintiff was informed that Gentle Monster's CEO, Michael Lee who had hired her had been terminated by the main office in Korea. Luke Kim, the HR director, called Plaintiff and told her that he had informed headquarters that she had not been hired by the former CEO and advised her if headquarters knew that she had been hired by Michael Lee it would jeopardize her job. Since Plaintiff was scheduled to move to the United States a short time after Mr. Lee's termination, Plaintiff became anxious and began to question whether she had made the right decision.

16. On July 8, 2023, No Young "Eric" Choi, Gentle Monster's CFO, called Plaintiff to confirm that Gentle Monster had decided to hire her under the terms of the

COMPLAINT FOR DAMAGES
4

written agreement and confirmed her job.

17. On July 9, 2023, one day prior to her family's departure, regardless of her job security, Plaintiff visited Mr. Choi and told him that she had been hired by Michael Lee, the former President. After a brief hesitation, Mr. Choi thanked Plaintiff for being honest and told her to report directly to Human Resources when she arrive Southern in California so she could start work as soon as possible.

18. At the time that Mr. Choi made the representations and directed Plaintiff to report to Gentle Monster's HR, Mr. Choi and Gentle Monster had no intention of honoring the employment agreement based upon its terms because Plaintiff had been hired by former management.

19. In an effort to force Plaintiff to voluntarily terminate her employment agreement, Gentle Monster engaged in a campaign to humiliate Plaintiff which included going as low as refusing to assign Plaintiff a desk, instead forcing her to work from a table in the middle of an open space which was normally been used for rest and meal breaks even though an office was available. Even though Plaintiff was hired to work as an executive, Gentle Monster required her to perform menial duties such as taking lunch orders, then setting up the table, and cleaning afterward. Plaintiff was also required to personally restock coffee even though employees knew that she was hired for an executive position. Moreover, Gentle Monster never gave Plaintiff the opportunity to perform all of the duties which were outlined in her offer letter, by among other things, immediately downgrading her duties to reduce her level of responsibility and requiring her to perform non-executive level duties. In addition, Gentle Monster created a hostile work environment by scrutinizing what Plaintiff did at work. Plaintiff noticed that employees that communicated with her would be questioned about their interaction with Plaintiff by other employees. This caused Plaintiff to become isolated at work and furthered the hostile air in the office against Plaintiff and she became stressed everyday.

20. Plaintiff was also verbally harassed by the CEO who told her openly, "I

don't know why we have to hire you," or used words to that effect. During Plaintiff's employment, Mr. Choi repeatedly threatened Plaintiff by saying, "in the United States, you know its easy to get fired and have to find another job," or words to that effect. Mr. Choi also told the Plaintiff that it was the company's view that Plaintiff's salary was too high, all the while aware that the company unilaterally reduced Plaintiff's responsibilities without ever having given her the chance to perform the original duties which were outlined in her offer letter.

21. In or about November of 2023, Mr. Choi once again threatened Plaintiff by telling her about how easy it would be for the company to fire its employees and that the employees would have a difficult time finding a job in the United States. This time however, Mr Choi also said he was going to reduce Plaintiff's salary to $85,000. Plaintiff flatly refused to accept such a reduction. Moreover, such a reduction would cause Plaintiff and her family to suffer from extreme financial hardship since she was on the only provider after her family moved.

22. Mr. Choi continued to insist that Plaintiff agree to a pay cut or that Gentle Monster would unilaterally reduce her salary beginning in January of 2024.

23 Plaintiff became saddened and was overwhelmed with the consequences that of a major salary reduction and was filled with despair, sadness and stress since and immediately sought counseling to endure the constant harassment she was placed under by Gentle Monster.

24. On February 15, 2024, Gentle Monster unilaterally reduced Plaintiff's salary by approximately 40% and has continued to pay her based upon the reduced. Moreover, even though Gentle Monster had previously agreed to sponsor Plaintiff for permanent residency, Gentle Monster has denied ever making such a representation.

## **FIRST CAUSE OF ACTION**

**(Breach of Employment Contract Against All Defendants)**

25. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 24, as though set forth fully herein.

COMPLAINT FOR DAMAGES
6

26. Within the past four years, Plaintiff and Gentle Monster entered into the terms of a written Employment Agreement.

27. Plaintiff has performed all covenants, conditions and terms on her part to be performed under the Employment Agreement unless otherwise excused by the actions of Gentle Monster.

28. Gentle Monster breached the Employment Agreement by unilaterally reducing Plaintiff's salary and by unilaterally changing the kind and characteristic of the work identified in the Employment Agreement.

29. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages in the amount of not less than the jurisdictional minimum of this court or in an amount to be proven up at the time of trial, including prejudgement interest.

## SECOND CAUSE OF ACTION

**(Violation of Labor Code § 970 et seq. Against Gentle Monster)**

30. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 29, as though set forth fully herein.

31. At all times relevant, *Labor Code* § 970 was in effect at the time Plaintiff was employed by Gentle Monster. *Labor Code* § 970 states:

> "no person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either: (a) The kind, character, or existence of such work; (b) The length of time such work will last, or the compensation therefor; © The sanitary or housing conditions relating to or surrounding the work; (d) The existence or nonexistence of any strike, lockout, or other labor dispute affecting it and pending between the proposed employer and the persons then or last engaged in the performance of the labor for which the employee is sought."

*Labor Code* § 971 states, "any person, or agent or officer thereof, who

violates Section 970 is guilty of a misdemeanor punishable by a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000) or imprisonment for not more than six months or both.

32. *Labor Code* § 970 is intended to prevent employers from inducing employees to move to, from, or within California by misrepresentation of nature, length, or physical conditions of employment. It was enacted to protect workers from abuses after they moved to California.

33. Plaintiff alleges that the terms and conditions of her employment was in violation *Labor Code* § 970 . Plaintiff was influenced and persuaded to change from one place of employment to another by means of false representations concerning the kind, character or existence of work and the length of time such work will last.

34. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages. Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

35. Plaintiff is entitled to and requests double damages pursuant *Labor Code* § 972.

## THIRD CAUSE OF ACTION
### (Fraud)

36. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 35, as though set forth fully herein.

37. *Labor Code* § 970 is intended to prevent employers from inducing employees to move to, from, or within California by misrepresentation of nature, length, or physical conditions of employment. It was enacted to protect workers from abuses, especially involving false promises made to induce workers to move and then terminating them after they moved. Moreover, Gentle Monster agreed to sponsor Plaintiff for permanent residency.

38. Plaintiff alleges that the terms and conditions of her employment and the adverse employment actions taken against her were in violation *Labor Code* § 970. Plaintiff was influenced and persuaded to change from one place of employment to another by means of false representations concerning the kind, character or existence of work and the rate of pay that she would be paid which were further confirmed by Gentle Monster's CFO, Eric Choi, prior to her family's departure from Korea.

39. Defendants violated *Labor Code* § 970 by inducing Plaintiff to move to Orange, California by misrepresentation of the nature, physical conditions of employment or rate of pay. Defendant's also failed and refused to honor the agreement to sponsor Plaintiff for residency.

40. The above acts of defendants constituted a violation of *Labor Code* § 970 and their representations concerning permanent residency. Such adverse employment actions were a substantial factor in causing damage and injury to Plaintiff.

41. Plaintiff relied on Gentle Monster's representations at the time that they were made. At the time that Gentle Monster made its representations, it had no intention of performing its representations.

42. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court but no less than $2,500,000, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

43. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff.

Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendant in an amount according to proof.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate, Itemized Pay Stubs in Violation of Labor Code § 226 Against All Defendants)**

44. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 43, as though set forth fully herein.

45. Labor Code § 226 requires that employers furnish each employee with a semimonthly statement indicating gross wages earned, total hours worked, itemized deductions, net wages earned, the inclusive dates of the period for which the employee is being paid, the name of the employee and last four digits of his or her social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Wage deductions are to be recorded in ink and kept by the employer for a least three years.

46. During the period of Plaintiff's employment, Defendants failed to provide an accurate itemized semimonthly statement in the form and manner specified in Labor Code § 226 with regard to the salary earned by Plaintiff.

47. As a result of Defendant's violations of the Labor Code, set forth in this cause of action, Plaintiff is entitled to recover fifty dollars ($50) for the first violation, and one hundred dollars ($100) for each subsequent violation, not to exceed $4,000, pursuant to Labor Code § 226(e).

48. As a result of Defendant's failure to provide accurate itemized wage statements, Plaintiff seeks payment for the violations in an amount proven at the time

of trial.

49. Pursuant to Labor Code § 226(e), Plaintiff is entitled to recover attorneys' fees and costs as a result of these violations.

## FIFTH CAUSE OF ACTION

## (National Origin Discrimination in Violation of FEHA

## Against All Defendants)

50. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 49, as though set forth fully herein.

51. At all times mentioned here, Gentle Monster employed five or more persons, and *Government Code* §§§ 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from discriminating against any employee as a result of their national origin, pursuant to section 12940 (a). Further, these sections require Defendants to refrain from discriminating against any employee for complaining about discrimination pursuant to section 12940 (h) and 12940 (j)(1).

52. Plaintiff is a member of a one protected class with the meaning of *Government Code* § 12900 *et seq.*

53. At all times relevant, Plaintiff was an employee of Defendants.

54. During Plaintiff's employment, Plaintiff's national origin was South Korean, and that she immigrated to California to work for Defendants and would be at a disadvantage if Defendants did not assist her.

55. Regardless of the protections offered to Plaintiff by virtue of the employment agreement and the agreement to sponsor her residency, Defendants caused Plaintiff to suffer from adverse employment actions by reducing her salary and taking away her duties as administrative director and by failing to sponsor her residency.

56. At all times relevant, Plaintiff performed her duties and responsibilities as directed by Defendants, unless otherwise excused by the actions of Defendants.

57. Defendants treated Plaintiff less favorably than other employees. Plaintiff is informed and believes and thereupon alleges that her national origin was the factor in Defendants' discrimination of Plaintiff.

58. Plaintiff believes and based thereon alleges that her national origin, as well as her refusal to comply with Defendants' demand for Plaintiff to accept a salary reduction were contributing factors in Defendants' decision to engage in an adverse employment action against Plaintiff.

59. Such discrimination is in violation of *Government Code* §§ 12900 *et seq.*, and has resulted in damage and injury to Plaintiff.

60. With the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing and received a right to sue letter.

61. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court but no less than $2,500,000, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

62. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendant in an amount

according to proof.

63. *Government Code* § 12965 (b) provides for the recovery of attorney's fees.

## SIXTH CAUSE OF ACTION

### ( Work Harassment in Violation of FEHA Against All Defendants)

64. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 63, as though set forth fully herein.

65. *Government Code* §§ 12900 *et seq.,* were in full force and effect and binding on Defendants. These sections require Defendants to refrain from harassing an employee due to her national origin and good-faith complaints, creating a work environment that is hostile, intimidating, offensive, oppressive, or abusive, pursuant to section 12940 (j).

66. During Plaintiff's employment, Defendants subjected Plaintiff to harassment as described above in violation of *Government Code* §§ 12940 (a) and 12940 (j). Such harassment included disparate and hostile treatment of Plaintiff.

67. As a result of Defendants' harassment of Plaintiff, Plaintiff has been harmed.

68. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court but no less than $2,500,000, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

69. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff.

Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendant in an amount according to proof.

70. *Government Code* § 12965 (b) provides for the recovery of attorney's fees.

## SEVENTH CAUSE OF ACTION

**( Failure to Prevent Harassment and Discrimination Against All Defendants)**

71. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 70, as though set forth fully herein.

72. *Government Code* §§§ 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to take all reasonable steps to prevent harassment and discrimination from occurring pursuant to *Government Code* § 12940 (k).

73. Defendants failed to take all reasonable steps to prevent the harassment and discrimination that were directed toward Plaintiff. As a result, Plaintiff was harmed.

74. Defendants' failure to take all reasonable steps to prevent the harassment and discrimination were a substantial factor in causing Plaintiff's harm.

75. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court but no less than $2,500,000, the precise amount of which will be proven at trial.

Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

76. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendant in an amount according to proof.

77. *Government Code* § 12965 (b) provides for the recovery of attorney's fees.

## EIGHTH CAUSE OF ACTION

### ( Intentional Infliction of Emotional Distress Against All Defendants)

78. Plaintiff repeats, repleads and incorporates herein by reference the allegations of paragraphs 1 through 77, as though set forth fully herein.

79. Defendants' conduct, described supra, was intentional and malicious and done for the purpose of causing Plaintiff to suffer from humiliation, mental anguish, and emotional and physical distress.

80. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff suffered psychological and/or physical injuries, including but not limited to depression, insomnia, anxiety, panic, headaches, physical fatigue, nausea, and dizziness, and has been required to seek treatment. Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court but no less than $2,500,000, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

81. Defendant committed the despicable acts, as herein alleged, maliciously,

fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, she is entitled to recover punitive damages from Defendant in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

ON THE FIRST CAUSE OF ACTION:

1. For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

ON THE SECOND CAUSE OF ACTION:

1. For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For an award of two times the damages;

3. Attorneys' fees to the extent provided by contract or statute;

ON THE THIRD CAUSE OF ACTION:

1. For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts,

according to proof;

    2.    For an award of money judgment for mental pain and anguish and emotional distress, according to proof;

    3.    For an award of exemplary damages:

ON THE FOURTH CAUSE OF ACTION:

    1.    Penalties in the amount to be proven at the time of trial;

    2.    Attorneys' fees as provided by statute;

ON THE FIFTH THROUGH EIGHTH CAUSES OF ACTION:

    1.    For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

    2.    For an award of money judgment for mental pain and anguish and emotional distress, according to proof;

    3.    For an award of exemplary damages:

    4.    Attorneys' fees to the extent provided by contract or statute;

///

///

///

ON ALL CAUSES OF ACTION:

1. For prejudgment interest at the statutory rate of 10% per annum;
2. For costs of suit; and
3. For such other and further relief as the Court deems just and proper.

                                                PARK LAW, APC

Dated: May 31, 2024          By: _____
                                               DANIEL M. PARK
                                               Attorneys for Plaintiff
                                               BONG KEUM KIM

# Exhibit "1"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 31, 2024

Bong Kim
3250 Wilshire Boulevard
Suite 601, CA 90010

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202405-24929131
Right to Sue: Kim / IICombined U.S.A. Inc., dba Gentle Monster

Dear Bong Kim:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective May 31, 2024 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)